UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DEONTAY DESHUN HARDY,<br>Petitioner | CIVIL DOCKET NO. 1:19-CV-1437-P |
| VERSUS | JUDGE DRELL |
| 10TH JUDICIAL DISTRICT COURT,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 filed by *pro se* Petitioner Deontay Deshun Hardy. (Doc. 1). Hardy is an inmate at the Natchitoches Parish Detention Center. Hardy claims that his probation was wrongfully revoked.

Because it is not clear whether Hardy has exhausted state court remedies, he must AMEND his Petition (Doc. 1).

## I. Background

Hardy was convicted of attempted armed robbery on September 3, 2015 and sentenced to 10 years at hard labor. (Doc. 1-2, p. 5). The sentence was suspended, and Hardy was placed on probation for a term of five years. (Doc. 1-2, p. 5).

On May 3, 2016, Hardy was arrested for armed robbery and resisting an officer. (Doc. 1-2, p. 5). (Docs. 1, 5). Because of the new arrest, Hardy's probation was revoked by the district judge at a hearing on August 23, 2016. (Doc. 1-2, p. 15). Hardy was ordered to serve the original 10-year sentence with credit for time served. Hardy

filed a motion for reconsideration of sentence, which was denied on August 29, 2016. (Doc. 1, p. 3).

Hardy filed a writ application in the Louisiana Third Circuit Court of Appeal on an unspecified date, which was denied on February 22, 2019. (Doc. 1, p. 2). His application for rehearing was denied on April 10, 2019. State v. Hardy, 2018-00804 (La.App. 3 Cir. 4/10/19). The Louisiana Supreme Court denied Hardy's writ application under Rule X because it was untimely filed. State v. Hardy, 2019-00835 (La. 10/21/19).

Hardy alleges that he filed a petition for writ of habeas corpus in the 10th Judicial District Court on July 10, 2017, which was denied on June 26, 2018. (Doc. 1, p. 4). Hardy does not state whether he sought review of that denial.

Hardy alleges that he filed another habeas petition, which was denied on August 23, 2019. (Doc. 1, pp. 4-5). Again, Hardy does not indicate whether he sought review of the denial in the Third Circuit Court of Appeal or the Louisiana Supreme Court.

II. Law and Analysis

A state prisoner must exhaust available state court remedies as to each and every ground upon which he claims entitlement to habeas corpus relief prior to filing his habeas petition pursuant to either 28 U.S.C. § 2241 or § 2254(b). Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987), cert. denied, 484 U.S. 956 (1987); Rose v. Lundy, 455 U.S. 509 (1982). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the

state's highest court in a procedurally proper manner. Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988). A total exhaustion rule promotes comity and such a rule does not unreasonably impair a prisoner's right to relief. Rose, 455 U.S. at 523.

Hardy must amend his Petition to show that he completely exhausted each claim in the Louisiana courts.

Hardy alleges that his probation was revoked on June 15, 2016, and that he sought writs in the Third Circuit Court of Appeal. Hardy must amend his Petition to state the date on which he filed the writ application in the Third Circuit in Case No: 18-KH-00804, and what claims he raised in the application. Hardy should also provide a copy of the writ application as well as the writ denial issued on February 22, 2019.

Additionally, Hardy should provide a copy of both habeas petitions he filed in the trial court on July 10, 2017, and August 21, 2019, as well as the trial court's rulings denying the petitions, which Hardy states are dated June 26, 2018, and August 23, 2019. (Doc. 1, pp. 4-5). Hardy shall state whether he sought writs from either of the habeas denials. If so, Hardy shall provide the dates on which he filed writ applications, in which courts, and copies of those applications, as well as copies the rulings denying the writ applications.

III. Conclusion

Because Hardy must show complete exhaustion, IT IS ORDERED that Hardy AMEND his Petition within thirty (30) days of the filing of this Order to provide the

information outlined above, or dismissal of this action will be recommended under Rule 41(b) of the Federal Rules of Civil Procedure.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 11th day of December 2019.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE