a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DEONTAY DESHUN HARDY, Petitioner | CIVIL DOCKET NO. 1:19-CV-1437-P |
| VERSUS | JUDGE DRELL |
| 10TH JUDICIAL DISTRICT COURT, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

# REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 filed by *pro se* Petitioner Deontay Deshun Hardy ("Hardy"). ECF No. 1. Hardy is an inmate at the Natchitoches Parish Detention Center. Hardy claims that his probation was wrongfully revoked.

Because Hardy has failed to comply with a Court Order (ECF No. 5), his Petition (ECF No. 1) should be DISMISSED WITHOUT PREJUDICE.

## I.  Background

Hardy was convicted of attempted armed robbery and sentenced to 10 years at hard labor. ECF No. 1-2 at 5. The sentence was suspended, and Hardy was placed on probation for a term of five years. ECF No. 1-2 at 5.

While on probation, Hardy was arrested for armed robbery and resisting an officer. ECF No. 1-2 at 5. Because of the new arrest, Hardy's probation was revoked. ECF No. 1-2 at 15. Hardy was ordered to serve the original 10-year sentence with

credit for time served. Hardy filed a motion for reconsideration of sentence, which was denied. ECF No. 1 at 3.

Hardy filed a writ application in the Louisiana Third Circuit Court of Appeal on an unspecified date, which was denied. ECF No. 1 at 2. His application for rehearing was also denied. *State v. Hardy*, 2018-00804 (La.App. 3 Cir. 4/10/19). The Louisiana Supreme Court denied Hardy's writ application under Rule X because it was untimely filed. *State v. Hardy*, 2019-00835 (La. 10/21/19).

Hardy alleges that he filed a petition for writ of habeas corpus in the Tenth Judicial District Court, which was denied. ECF No. 1 at 4. Hardy does not state whether he sought review of that denial.

Hardy alleges that he filed a second habeas petition in the trial court, which was also denied. ECF No. 1 at 4-5. Hardy does not indicate whether he sought review of that denial in the Third Circuit Court of Appeal or the Louisiana Supreme Court.

Hardy was ordered to amend his Petition to state whether he exhausted all of his claims. *See* ECF No. 5.

II. Law and Analysis

A district court may dismiss an action for the plaintiff's failure to prosecute or to comply with any order. Fed. R. Civ. P. 41(b). A court possesses the inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.

To date, Hardy has failed to comply with the Court's Order (ECF No. 5) to amend his Petition, and he has not requested an extension of time within which to comply.

## III. Conclusion

Because Hardy has failed to comply with the Court's Order (ECF No. 5), IT IS RECOMMENDED that the Petition (ECF No. 1) be DISMISSED WITHOUT PREJUDICE under Rule 41(b) of the Federal Rules of Civil Procedure.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed. R. Civ. P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this  6th  day of March 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

4